United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                          Case No. 18-15286-ref
Michelle Lee Amos                                                               Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-4          User: Keith              Page 1 of 1              Date Rcvd: Dec 13, 2018
                             Form ID: pdf900         Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 15, 2018.
db             +Michelle Lee Amos,    1038 Georgetown Drive,    Reading, PA 19605-3254
cr             +Santander Consumer USA Inc., d/b/a Chrysler Capita,    P.O. Box 961275,
        Fort Worth, TX 76161-0275

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: gecsedi@recoverycorp.com Dec 14 2018 03:13:25     Synchrony Bank,
        c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                                                         TOTAL: 1

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 15, 2018                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 13, 2018 at the address(es) listed below:
        BRENNA HOPE MENDELSOHN    on behalf of Debtor Michelle Lee Amos tobykmendelsohn@comcast.net
        KEVIN G. MCDONALD    on behalf of Creditor   Quicken Loans Inc. bkgroup@kmllawgroup.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM  MILLER*R    ecfmail@FredReigleCh13.com, ECF_FRPA@Trustee13.com
        WILLIAM  MILLER*R    on behalf of Trustee WILLIAM  MILLER*R ecfemail@FredReigleCh13.com,
        ECF_FRPA@Trustee13.com
        WILLIAM EDWARD CRAIG    on behalf of Creditor   Santander Consumer USA Inc., d/b/a Chrysler
        Capital ecfmail@mortoncraig.com, mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
                                                                                                                              TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michelle Lee Amos | | CHAPTER 13 |
| | Debtor | |
| Quicken Loans Inc. | Movant | |
| vs. | | NO. 18-15286 REF |
| Michelle Lee Amos | Debtor | |
| William C. Miller Esq. | Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,501.44,** which breaks down as follows;

Post-Petition Payments:          September 2018 to December 2018 at $1,117.61/month
Fees & Costs Relating to Motion: $1,031.00
**Total Post-Petition Arrears    $5,501.44**

2. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$5,501.44.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$5,501.44** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due January 1, 2019 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,117.61 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: December 10, 2018         By: /s/ Kevin G. McDonald, Esquire
                                Attorney for Movant

Date: December 12, 2018         /s/ Brenna Hope Mendelsohn, Esquire
                                Brenna Hope Mendelsohn, Esquire
                                Attorney for Debtor

Date: 12/12/18

                                William C. Miller, Esquire
                                Chapter 13 Trustee

Approved by the Court this 13 day of December, 2018. However, the court retains discretion regarding entry of any further order.

                                Bankruptcy Judge
                                Richard E. Fehling